United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41413
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON ELIZONDO-GUTIERREZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-949-ALL
---------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramon Elizondo-Gutierrez (Elizondo) appeals from his guilty-plea conviction and sentence for illegal reentry.  Elizondo argues that the district court reversibly erred under United States v. Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. The Government concedes that Elizondo has preserved this issue for appeal.  The Government, however, has not shown beyond a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable doubt that the error was harmless.  See United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005); United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005).  Accordingly, Elizondo's sentence is vacated, and this case is remanded for resentencing.

Elizondo also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Elizondo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Elizondo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Elizondo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.